IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS WOLFE and MELISSA SNYDER, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SUNBURY and JEFFREY WOJCIECHOWSKI, <br><br> Defendants. | No. 4:24-CV-00251 <br><br> (Chief Judge Brann) |

## MEMORANDUM OPINION AND ORDER

### JULY 18, 2025

**I. BACKGROUND**

In February 2024, Plaintiffs Thomas Wolfe and Melissa Snyder filed a complaint against Defendants Jeffrey Wojciechowski and the City of Sunbury ("Sunbury").[1] This Court issued an Order granting Defendants' motion to dismiss the complaint without prejudice in July 2024.[2] Following the filing of an amended complaint, this Court granted a subsequent motion to dismiss, again without prejudice, in December 2024.[3] Plaintiffs filed a second amended complaint in January 2025.[4] Defendants filed a motion to dismiss the second amended complaint

---

[1] Complaint, Doc. 1.
[2] Order, Doc. 17.
[3] Amended Complaint, Doc. 18; Order, Doc. 35.
[4] Second Amended Complaint, Doc. 42.



in March 2025.[5] The motion is now ripe for disposition. For the reasons stated below, the motion is granted with prejudice.

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[6] and *Ashcroft v. Iqbal*,[7] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[9]

---

[5]   Motion to Dismiss, Doc. 45.
[6]   550 U.S. 544 (2007).
[7]   556 U.S. 662 (2009).
[8]   *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[9]   *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).

## III. STATEMENT OF FACTS

The pending motion largely does not turn on the underlying merits. Moreover, the Second Amended Complaint only supplements the prior Amended Complaint with a handful of allegations. Rather than restating the facts, the Court provides an abridged summary of the second amended complaint.[10]

In sum, this case involves a dispute between Plaintiffs and Defendants over various code enforcement citations. Plaintiffs Thomas Wolfe and Melissa Snyder are residents of Sunbury, Pennsylvania. Defendant Jeffrey Wojciechowski is the Code Department Supervisor for Defendant City of Sunbury. Plaintiffs purchased the Property at issue in November 2016 "in a condemned state" with the understanding that it would be renovated to make it habitable. They made a verbal agreement with a code officer and prior Sunbury city administrator that progress on the home would be slowed due to various surgeries Wolfe had scheduled beginning in early 2020.

---

[10] Readers may refer to the prior Memorandum Opinion for a more fulsome description of the factual allegations in this case. *See* Memorandum Opinion, Doc. 34 at 2-10. The totality of amendments are as follows: Second Amended Complaint, Doc. 42 ¶¶6 (elaborating that Wojciechowski was "the immediate supervisor of Samantha Mummey who also acted in the Code Office in Sunbury"), 28 (adding that "The governing body of Sunbury was aware of the numerous citations filed against the Plaintiffs by the Code Office."); 33 (elaborating that at the Plaintiffs' summary appeal, "The Plaintiffs were charged during this summary appeal with LO § 305 §§ 305.1, interior structure, safety and sanitation."); ¶49 (alleging that Wojciechowski filed at least six citations against Plaintiffs without probable cause, that Mummey filed at least seven citations against Plaintiffs, and that Wojciechowski was the Head of the Code Office in Sunbury while Mummey operated under him). ¶¶57, 64-68 (adding conclusory recitations of various legal standards relevant to municipal liability), 69 (alleging that the City withdrew the majority of the complaints against the Plaintiffs because Wolfe hired a code inspector who advised City officials that the Plaintiff had no code violations).

Following a citation in July 2021, Wolfe signed a form stating that he had 90 days to complete listed repairs. Six subsequent citations and a public nuisance determination followed against the property between July and October 2021, all but one of which were issued within the 90-day window, and several of which were dismissed at an October 2021 hearing. When Plaintiff went to Sunbury City Hall to review records relating to the Property, he was confronted by hostile police officers.

A second wave of code enforcement actions began following an inspection in June 2022; the Property received a notice of blighted property and notice of determination listing related violations in July 2022, and water shutdown and danger notices in August 2022. Plaintiffs hired a private inspector who opined that the Property contained no city code violations and met with City Administrator Derek Becker on August 16, 2022 to discuss the violations. Becker "stated more than once" that "there were never any previous violations" at the Property and agreed to drop pending fines. Although Plaintiffs received another citation after the meeting, all pending charges were withdrawn in September 2022. And, though Plaintiffs were still initially required to proceed to a nuisance hearing unless they brought proof that an electrician was scheduled to install grounding rods at the Property, the Property was taken off the nuisance list in November 2022.

The second amended complaint also sets out various similar properties which were not issued citations for similar violations.

## IV. ANALYSIS

Title 42 U.S.C. § 1983 "creates a species of tort liability for the deprivation of any rights, privileges, or immunities secured by the Constitution."[11] "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."[12]

Plaintiffs seek Section 1983 relief from Defendants for class-of-one discrimination and selective enforcement under the Equal Protection Clause.[13] This Court recognized in its prior Memorandum Opinion that the allegations made in Plaintiffs' first amended complaint could potentially support a plausible class-of-one or selective enforcement constitutional violation, but granted the motion to dismiss because Plaintiffs had failed to connect the violations to either defendant in the case.[14] Plaintiffs also waived their opposition to crucial arguments—personal involvement, qualified immunity, and municipal liability—by failing to brief in opposition.[15] Plaintiffs subsequently filed a second amended complaint.

---

[11] *Manuel v. City of Joliet*, 580 U.S. 357, 362 (2017) (cleaned up).
[12] *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).
[13] Second Amended Complaint, Doc. 42 at 11-12.
[14] Memorandum Opinion, Doc. 34 at 26.
[15] *Id.* at 18-20, 24 n.118.

Because Plaintiffs have again failed to provide adequate argument in their briefings, they have waived their opposition and the motion to dismiss is granted with prejudice.

### A. Claims Against Jeffrey Wojciechowski

"In our adversarial system of adjudication, we follow the principle of party presentation[:] . . . 'we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'"[16] "[A]s a general rule, our system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.'"[17] "Courts are essentially passive instruments of government. They do not, or should not, sally forth each day looking for wrongs to right. They wait for cases to come to them, and when cases arise, courts normally decide only questions presented by the parties."[18] Accordingly, although there "are no doubt circumstances in which a modest initiating role for a court is appropriate,"[19] waiver and forfeiture doctrines play a key part in reining in that role.

---

[16] *United States v. Sineng-Smith*, 590 U.S. 371, 375 (2020) (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)).
[17] *Id.* at 375-76 (quoting *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J. Concurring)) (cleaned up).
[18] *Id.* at 376 (quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir. 1987) (Arnold, J., concurring in denial of reh'g en banc) (cleaned up)).
[19] *Id.* at 376; *see also Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.").

In their prior brief in support, Defendants raised a qualified immunity defense as to Defendant Jeffrey Wojciechowski.[20] Although Defendants provided sparse briefing on this point, Plaintiffs provided no briefing in opposition at all.[21] The Court explained in its prior Memorandum Opinion that a "brief in opposition to a motion to dismiss that fails to respond to a substantive argument to dismiss a particular claim results in the waiver or abandonment of that claim."[22] The Court therefore found that Plaintiffs had waived their claim against Wojciechowski by failing to brief in opposition to the qualified immunity argument, as with the personal involvement argument.[23] The Memorandum Opinion brought this waiver issue to the Plaintiffs' attention several times.[24] Regarding another waiver issue in which Plaintiffs had failed to brief in opposition, the Court observed: "it would benefit all parties and the Court for Plaintiffs to respond to the arguments raised by Defendants."[25]

Still, while "[t]hese failings [were] dispositive to the pending motion," the Court reasoned that dismissal with prejudice would be "overly harsh,"[26] especially

---

[20] Brief in Support, Doc. 25 at 34-35.
[21] *See* Brief in Opposition, Doc. 32, *generally*.
[22] Memorandum Opinion, Doc. 34 at 19 (quoting *Orange v. United States*, No. 1:23-CV-00393, 2024 U.S. Dist. LEXIS 152280, at *13 (M.D. Pa. Aug. 26, 2024)).
[23] *See* Memorandum Opinion, Doc. 34 at 18-19.
[24] *Id.* at 1 ("Plaintiffs appear to have abandoned their opposition to contesting one Defendant's personal liability for the underlying constitutional violations. These failings are dispositive to the pending motion."), 18-19 ("Concerningly, Plaintiffs also failed to provide any briefing in opposition to Wojciechowski's qualified immunity defense."), 39 ("Wolfe has waived his claims against Wojciechowski by failing to brief in response on his personal liability or qualified immunity.").
[25] *Id.* at 24 n.118.
[26] *Id.* at 1.

7

given that there appeared to be a plausible underlying constitutional violation. I therefore exercised my discretion to allow one final opportunity to amend the complaint and brief in opposition.[27] The Court also exercised a "modest initiating role" by providing substantial analysis of the underlying merits of the constitutional violation in this case,[28] "with the goal of streamlining future proceedings" by narrowing the scope of the relevant issues for the litigants.[29]

Defendants have once again raised their qualified immunity defense, albeit with even sparser briefing.[30] Yet Plaintiffs still provide no opposition to the defense at all.[31] This does not, of course, require the Court to deem Plaintiffs' underlying claim waived, since the application of forfeiture and waiver doctrines is discretionary.[32] But given the ample warnings this Court provided Plaintiffs, Defendants' consistent attempts to explicitly raise this affirmative defense through multiple sets of briefings, and the multifarious opportunities Plaintiffs have had to correct deficiencies in their complaints, it is appropriate to find the underlying claim waived and grant the motion to dismiss on this basis. Providing Plaintiffs with

---

[27] *Id.* at 40.
[28] *Sineng-Smith*, 590 U.S. at 376.
[29] *Id.* at 1.
[30] Brief in Support, Doc. 42 at 5.
[31] *See* Brief in Opposition, Doc. 51, *generally*.
[32] *Kars 4 Kids Inc. v. Am. Can!*, 8 F.4th 209, 219 n.9 (3d Cir. 2021).

additional opportunities to brief their case would be futile as Plaintiffs have failed to heed this Court's admonitions in the past. So the claim is dismissed with prejudice.[33]

### B.    Claims Against the City of Sunbury

A municipal body is a "person" for purposes of liability under 42 U.S.C. § 1983 but it is only liable for its own acts.[34] Municipalities act through a "policy statement, ordinance, regulation, or a decision officially adopted and promulgated by that body's officers."[35] Alternatively, a municipality can also act through customs, which are practices "so permanent and well settled as to constitute a custom or usage with the force of law."[36] Finally, a municipality can be liable due to its failure to act, such as by providing deficient training or supervision, if this failure demonstrates the municipality's "deliberate indifference to constitutional rights."[37]

---

[33] In any case, Plaintiffs' briefing of their supervisory liability theory only recites facts and never attempts to identify, cite or apply the law. *See* Brief in Opposition, Doc. 51 at 7-9. This is frustrating to the Court and pushes the Court's "modest initiating role" to the breaking point; it rises to waiver through insufficient briefing. *See Comm. of Pa. Dep't of Pub. Welfare v. United States Dep't of Health and Human Servs.*, 101 F.3d 939, 946 (3d Cir. 1996) (quoting *Laborers Int'l Union of N. Am. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'"). The Court already took some initiating role by raising the possibility of a supervisory liability claim against Wojciwchowski on its own initiative in its prior Memorandum Opinion, in the hopes that Plaintiffs would flesh out the argument if they wished to pursue it—and such a claim may even have been viable here. *See* Memorandum Opinion, Doc. 34 at 17-20. But the Court will not litigate this issue on Plaintiffs' behalf.

[34] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

[35] *Monell*, 436 U.S. at 690.

[36] *City of St. Louis v. Prapotnik*, 485 U.S. 112, 127 (1988).

[37] *City of Canton v. Harris*, 489 U.S. 378, 388, 392 (1989).

In sum, to hold Sunbury liable, Plaintiffs must argue that one of these theories of liability ties the constitutional violation at issue to Sunbury's conduct.

To sufficiently link a municipal body to a custom causing constitutional injury, a plaintiff must demonstrate that the municipal body "had knowledge of 'similar unlawful conduct in the past, . . . failed to take precautions against future violations, and that [its] failure, at least in part, led to [his] injury.'"[38] As to the failure-to-train theory, "a municipality's culpability is for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."[39] Deliberate indifference "is a stringent standard of fault"[40] ordinarily requiring the municipal body's notice of a "pattern of similar constitutional violations."[41]

Plaintiffs' entire brief simply recites a handful of allegations from the second amended complaint and provides no legal argument or citation.[42] Some of these quotations include complaint paragraphs setting out conclusory, boilerplate recitations of various municipal liability legal standards.[43] These paragraphs do not

---

[38] *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).
[39] *Connick v. Thompson*, 562 U.S. 51, 61 (2011).
[40] *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997).
[41] *Connick*, 562 U.S. at 62. There is an often-invoked yet rarely-satisfied exception where the need for training "can be said to be 'so obvious' that failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights.'" *See Canton*, 489 U.S. at 390 n.10. Although the standard would not be met here, the Court need not devote substantial analysis to it. Despite some conclusory recitations of this legal standard in the Second Amended Complaint, Plaintiffs do not invoke it in their brief in opposition.
[42] With the exception, of course, of citing *Monell* itself. *See* Brief in Opposition, Doc. 51 at 9-11.
[43] *See id.* at 10-11 ("In paragraph 63, the Plaintiff alleged that the City has adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/ or acquiescing in the abuse of power by code enforcement officers to

plausibly allege any factual matter for purposes of the motion to dismiss because they are conclusory.[44] And they cannot be read as advancing any coherent legal argument either.

"To raise an issue, a party must present it with sufficient specificity to allow the court to pass on it."[45] "Mere allusion or reference is not enough; the issue must actually be raised with a minimum level of thoroughness."[46] Aside from recitations of the complaint, the closest Plaintiffs get to advancing an argument is the following sentence: "Plaintiffs have alleged that the City Council and the City Administrator had knowledge that the code office was violating the Plaintiffs' Civil Rights but did nothing to stop code officials or train code officials not to violate the Plaintiffs' rights."[47] This does not rise beyond mere allusion or reference.

A brief note on the merits. Aside from one instance of somewhat similar conduct,[48] Plaintiffs never attempt to set out a pattern of similar violations in their

---

selectively enforce City ordinances against the Plaintiffs, which violates the 14th Amendment to the Constitution. In Paragraph 64, the Plaintiffs alleged that the City has known of this unconstitutional action for many years and has done nothing to stop it. In Paragraph 65, the Plaintiffs alleged that the City Council failed to properly train or supervise City code employees.").

[44] *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012) ("At the motion to dismiss stage, we accept as true all factual assertions, but we disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements.").

[45] *Teleglobe Comms. Corp. v. BCE, Inc. (In re Teleglobe Comms. Corp.)*, 493 F.3d 345, 376 (3d Cir. 2007)

[46] *Seifert v. Pa. Human Relations Comm'n*, 301 F.App'x 194, 196-97 (3d Cir. 2008).

[47] Brief in Opposition, Doc. 51 at 9.

[48] It is also worth noting that the settlement agreement to which Plaintiffs cite did not admit liability and therefore has dubious value to establishing a pattern of violations. Second Amended Complaint, Doc. 42 ¶68. It is not completely irrelevant at this stage of litigation—and for this reason the Court did not strike it from the complaint—but neither does it have the

complaint, which dooms their custom and failure-to-train arguments under this set of facts as the Court noted in its prior Memorandum Opinion.[49] The brief could be read to suggest that the series of citations issued against Plaintiffs are themselves the pattern of constitutional violations creating a custom or providing Sunbury with notice, though again, it fails to provide any legal authority for this proposition.[50]

Moreover, disregarding conclusory allegations,[51] the Second Amended Complaint's only plausible assertion that Sunbury had notice of the pattern of citations arose when Wolfe met with Becker. Even drawing various key assumptions in Plaintiffs' favor,[52] this does not plausibly support *Monell* liability, as it shows knowledge of a pattern of violations *after* they occurred rather than acquiescence in an *existing* pattern of violations. Aside from one citation received shortly afterwards, no new citations or actions were initiated against the Property after the August 16, 2022 Becker meeting.[53] Moreover, though it was not immediately effective,

---

persuasive force of the consent decree at issue in *Estate of Roman v. City of Newark*, 914 F.3d 789 (3d Cir. 2019).
[49] *See* Memorandum Opinion, Doc. 34 at 22-26.
[50] Brief in Opposition, Doc. 51 at 9-10.
[51] *Id.* ¶¶28, 36, 64.
[52] Factually, this assumes that Becker was made aware of all prior citations, despite the second amended complaint alleging that "Becker stated more than once that there were never any previous violations." Second Amended Complaint, Doc. 42 ¶¶25. Legally, this assumes that the knowledge of just one City Administrator is sufficient to impute notice to the City for purposes of municipal liability, and that a series of violations perpetrated exclusively against the Plaintiff is sufficient to establish a patter for purposes of a custom or failure to train *Monell* claim. Lacking argument on the matter, the Court declines to reach any of these questions.
[53] Plaintiffs received a new citation on August 19, 2022, but according to the Second Amended Complaint it was issued on August 12, 2022. Second Amended Complaint, Doc. 42 ¶¶23-34. In any case, this single contemporaneous citation would not rise to showing Sunbury's deliberate indifference. *See Connick*, 563 U.S. at 63 n.7 (quoting *Canton*, 489 U.S. at 396

Becker's promise to drop outstanding citations and actions was borne out by September 2022, and the Property was ultimately removed from the nuisance list in November 2022. This does not show Sunbury's failure to take precautions against future constitutional violations once it had notice, and it does not show deliberate indifference towards such violations. As this is Plaintiffs' third attempt to make out municipal liability their claim against Sunbury is dismissed with prejudice.

## V. CONCLUSION

Plaintiffs failed to brief in opposition to Wojciechowski's assertion of qualified immunity. Their opposition is waived and the motion to dismiss is granted. Plaintiffs have also failed to raise any argument for Sunbury's municipal liability beyond mere allusion, so their opposition is similarly waived. Be that as it may, the second amended complaint does not plausibly allege Sunbury's municipal liability. The motion to dismiss shall therefore be granted in full, with prejudice.

---

(O'Connor, J., concurring in part and dissenting in part) ("[C]ontemperaneous or subsequent conduct cannot establish a pattern of violations that would provide 'notice to the cit[y] and the opportunity to conform to constitutional dictates.'").

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. 45) is **GRANTED** with prejudice.

2. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge